Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Nakkisa Akhavan, CA SBN 286260
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: nakkisa.akhavan@eeoc.gov

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ENTERTAINMENT BENEFITS GROUP, LLC, et. al., <br><br> Defendant. | **Case No's.:** <br> 2:19-cv-01134-GMN-VCF <br> 2:19-cv-01135-RFB-EJY <br><br> **CONSENT DECREE; ORDER** |

1

# I.
# INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") and Defendant Entertainment Benefits Group, LLC ("EBG" or "Defendant") (collectively, the "Parties") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendant in U.S. Equal Employment Opportunity Commission v. Entertainment Benefits Group, LLC, et al., Case No. 2:19-cv-01134 and U.S. Equal Employment Opportunity Commission v. Entertainment Benefits Group, LLC, et al., Case No. 2:19-cv-01135 (collectively the "Actions"). On July 1, 2019, Plaintiff filed these Actions in the United States District Court, District of Nevada, for violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Americans with Disabilities Act of 1990, *as amended* by the ADA Amendments Act of 2008 ("ADA"), and Title I of the Civil Rights Act of 1991. Plaintiff brought the Actions and sought to resolve the charges filed by Nancy Adams, Rebecca Barnabi, Tessie Jantoc, Sherri Doyle, and Jade Robinson ("Charging Parties"). The Actions allege that Defendant maintains policies and practices that resulted in Defendant discriminating against the Charging Parties Nancy Adams, Sherri Doyle, Jade Robinson, and Tessie Jantoc, and a class of similarly aggrieved employees by failing to engage in the interactive process, failing to provide reasonable accommodations for their actual disabilities, subjecting them to retaliation on the basis of their actual, record of, or perceived disabilities, subjecting employees with disabilities to an inflexible maximum leave attendance policy, and/or discriminating against, harassing, and/or discharging employees who were associated with individuals with disabilities. The Actions also allege that Charging Party Barnabi and a class of similarly aggrieved employees experienced third-party sexual harassment and were subjected to retaliation for engaging in protected activity.

## II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

A. The Parties agree that these Actions are fully and completely resolved by entry of this Consent Decree. The Decree is made and entered into by and between the EEOC and Defendant and shall be binding on and enforceable against Defendant and its parents, subsidiaries, officers, directors, agents, successors, and assigns. The Decree is limited in effect to Defendant's Las Vegas, Nevada operations.

B. The Parties have entered into this Decree for the following purposes:

1. To provide appropriate monetary and injunctive relief;
2. To ensure Defendant's employment practices comply with federal law;
3. To ensure a work environment free from discrimination, especially as it relates to sexual harassment, disability discrimination, and retaliation;
4. To modify Defendant's policies, procedures, and practices regarding employment discrimination and harassment on the basis of sex and disability;
5. To provide an appropriate and effective mechanism for handling complaints of harassment, discrimination, and retaliation;
6. To provide an appropriate and effective mechanism for handling reasonable accommodation requests;
7. To ensure appropriate recording keeping, reporting, and monitoring; and
8. To avoid the expensive and protracted costs incident to this litigation.

## III.

## GENERAL PROVISIONS

A. <u>Non-Discrimination</u>:

Defendant, its officers, agents, employees (including all managerial and non-managerial employees), successors and assigns, during the period that this Decree is in effect, and all those in active concert or participation with Defendant, agree not to engage in sexual harassment in violation of Title VII, or create, facilitate, or permit a hostile work environment in violation of Title VII, including on the basis of sex.

B.  Requests for Reasonable Accommodation:

Defendant, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, agree to engage in the interactive process to identify and provide reasonable accommodations to disabled employees, including but not limited to provision of medical leave as an accommodation and extensions of such medical leave, temporary or permanent job reassignment, and/or modification of policies as appropriate. Defendant, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, agree to ensure that disabled employees are not subjected to unlawful maximum leave and/or attendance policies for disability-related absences and/or leave.

C.  Non-Retaliation:

Defendant, its officers, agents, employees (including all managerial and non-managerial employees), its successors, assigns, during the period this Decree is in effect, and all those in active concert or participation with them, agree not to implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Defendant or its successors, or either of them, because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under the ADA or Title VII; (b) filed a charge of discrimination alleging such practice; (c) participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of the ADA or Title VII; (d) was identified as a possible witness or claimant in this action; and/or (e) asserted any right under this Decree; and (f) sought and/or received any relief in accordance with this Decree are associated with an employee who has engaged in the activities set forth in this section.

## IV.
## RELEASE OF CLAIMS

A.  This Decree fully and completely resolves all issues, claims, and allegations raised

4

by the EEOC against Defendant in these Actions, as well as those raised by Charging Parties Nancy Adams, Rebeca Barnabi, Tessie Jantoc, Sherri Doyle, and Jade Robinson, and any other former or current employee of EBG who receives a monetary settlement in these Actions.

B. Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII, the ADA/ADAAA, or any other federal employment statute.

C. Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

D. This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges that may later arise against Defendant in accordance with standard EEOC procedures.

## V.

## JURISDICTION

A. The Court has jurisdiction over the Parties and the subject matter of the Action.

B. The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable and just. This Decree conforms with the Federal Rules of Civil Procedure, Title VII, the ADA/ADAAA, and is not in derogation of the rights or privileges of any person.

C. The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief provided herein.

## VI.

## EFFECTIVE DATE AND DURATION OF DECREE

A. The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.  Except as otherwise provided herein, this Decree shall remain in effect for two (2) years after the Effective Date (the "Term"). However, if the Defendant is in full compliance with the Decree, the EEOC can sunset six (6) months prior to the two (2) year anniversary of the Decree. The EEOC shall make the final determination of Defendant's compliance with the Decree.

## VII.
## MODIFICATION AND SEVERABILITY

A.  This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.  If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.  By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VIII.
## COMPLIANCE AND DISPUTE RESOLUTION

A.  The Parties expressly agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Consent Decree, the EEOC may bring an action before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendant and its legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the EEOC believes Defendant has violated or breached. Defendant shall have twenty-one (21) days from receipt of the written notice to attempt to resolve or cure the breach. The Parties may agree to extend this period upon mutual consent.

B. The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C. After thirty (30) days have passed, inclusive of the twenty-one (21) days to resolve or cure the breach, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree, the EEOC's costs and any attorneys' fees incurred in securing compliance with the Decree, and/or any other relief the court deems appropriate..

## IX.

## MONETARY AND CLAIMANT-SPECIFIC RELIEF

A. Monetary Relief. Defendant will pay a total of $925,000 (the "Settlement Fund") in monetary relief to resolve this action. The EEOC has full and complete discretion under the terms of the Decree to determine the amount and characterization of payment, if any, to the Charging Parties and the Claimants already identified by the EEOC, (the "Identified Claimants"). The EEOC also has full and complete discretion under the terms of the Decree to determine whether any currently unidentified and unnamed former or current employees of EBG ("Unidentified Claimants") are entitled to a portion of the Settlement Fund, and if so, the amount and characterization of such payment.

B. Monetary Relief for Charging Parties and Identified Claimants

    1. In settlement of the claims of Charging Parties, the Identified Claimants and any currently Unidentified Claimants (collectively referred to as the "Claimants"), Defendant shall pay the Settlement Fund amount.

    2. The EEOC shall provide to Defendant a Distribution List designating payment amounts to each Claimant. The EEOC's Distribution List shall include back pay and compensatory damages, if any, as designated by the EEOC.

    3. Within ten (10) business days of receiving the EEOC's Distribution List, Defendant shall send a check, via first class, certified mail, in the amount designated in the EEOC's Distribution List, to the Claimants to the addresses provided in the

7

Distribution List. For each check constituting back pay, Defendant shall make the deductions required by law, including but not limited to the employer contributions for FICA and FUTA taxes. Each check will remain valid for 180 days. In the event that any checks are returned or otherwise not cashed, the Parties will work together to ensure the checks are re-issued in a timely manner.

4. Within ten (10) business days of mailing the aforementioned payments, Defendant shall submit copies of the checks and any related correspondence as well as a report regarding the mailing of the checks to Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

5. Defendant shall prepare and distribute W2 and 1099 reporting forms to each Claimant based on last known addresses or addresses provided by the EEOC and shall make any appropriate reports for each to the Internal Revenue Service and other tax authorities. Defendant shall be solely responsible for any costs associated with issuing and distributing W2s and 1099s to the Claimants. Within ten (10) business days of the issuance of any W2 or 1099 form, Defendant shall provide a copy of the related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

## X.
## **SPECIFIC INJUNCTIVE RELIEF**

Section X applies to all of Defendant's Nevada facilities and locations.

A. During the duration of this Decree, Defendant shall:

1. Ensure that all Human Resources employees have the skill level to effectuate the requirements of Title VII and this Decree;

2. Promptly investigate any complaint of discrimination, harassment, or retaliation to ensure compliance with Title VII, the ADA, and this Decree;

3. Ensure that Defendant does not rely on its Business Partners' policies and practices to justify retaliation against its employees;

4. Ensure that Defendant's reports required by Section X.H of this Decree are accurately compiled and timely submitted;

5. Ensure the retention and maintenance of any documents or records required by this Decree;

6. Ensure the distribution of any documents and Notice Posting as required by this Decree;

7. Ensure that supervisors respond promptly to all reports of sexual harassment by contacting Human Resources;

8. Maintain a centralized tracking system of all complaints of discrimination, harassment, and retaliation; and

9. Otherwise ensure Defendant's compliance with this Consent Decree.

B. Accommodation Log

Within thirty (30) days of the Effective Date, Defendant shall create and maintain an Accommodation Log that documents any accommodation requests pertaining to any applicant or employee in Nevada. Defendant shall retain all documents relating to any accommodation requests identified in the Accommodation Log. In the event an employee makes any subsequent request to modify an accommodation or implement a different accommodation, Defendant shall include in the Accommodation Log the information required by this section. The Accommodation Log shall include the following information:

1. Name of the person making the request;
2. Date of the request;
3. Physical or mental impairment identified by the applicant or employee;
4. Any person to whom the request for accommodation was made;
5. Accommodation(s) requested, if any;
6. Any person involved in the interactive process;
7. Any records or documents made or reviewed in the course of engaging in the interactive process;

8. Any person involved in the decision-making process regarding the request for accommodation;

9. Accommodation provided, if any;

10. The reason for the decision to provide or refuse any accommodation;

11. Complaints made by individuals regarding accommodation issues, disability discrimination issues, and/or retaliation issues; and

12. Whether any modification or additional accommodations in conjunction with the original accommodation were sought and if such requests were granted or denied.

C. Training

1. Training of All Nevada Non-Managerial Employees

Within ninety (90) days of the Effective Date of this Decree, and then on an annual basis thereafter, Defendant shall provide training lasting at least two (2) hours in duration all of Defendant's Nevada employees. The training shall cover Defendant's policies and procedures and federal anti-discrimination laws with an emphasis on sex discrimination, harassment, retaliation, disability discrimination, the interactive process, reasonable accommodations, and leave requests as a reasonable accommodation.

2. Training for Executives, Management, and Human Resources

Within ninety (90) days of the Effective Date of this Decree, and then on an annual basis thereafter, Defendant, shall provide training to all executives, managers, human resources personnel, and any other staff members who are responsible for (1) handling and investigating complaints of discrimination, harassment, and retaliation for Defendant's Nevada employees; (2) engaging in the interactive process and/or processing reasonable accommodation requests for Defendant's Nevada employees; and (3) any staff members who are responsible for determining whether leave is a reasonable accommodation for Defendant's Nevada employees. The training shall include the following:

    a. How to properly handle and investigate complaints of discrimination,

harassment, and retaliation fairly and impartially;

  b. How to recognize an accommodation request or a potential need for an accommodation for individuals with disabilities; and

  c. The duties regarding the Accommodation Log set forth in Section X.B above.

Where an employee covered under this subsection is unable to attend the scheduled training, Defendant shall provide a training at an alternative session covering the same issues set forth above within ten (10) days of the training. All persons required to attend such training shall verify their attendance in writing.

Within ten (10) days of the hire date or promotion date of any employee who is covered by this subsection who is hired after the training but within the term of the Decree, Defendant shall provide a training covering the same issues set forth above. All persons required to attend such training shall verify their attendance in writing.

 3. Verification of Training

  a. Within ninety (90) days of the Effective Date, Defendant shall produce to the EEOC documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and a list of the names and job titles of attendees at each training session.

D. Posting

Within ten (10) business days after the Effective Date and for the duration of the Decree, Defendant shall post the notice attached to the Decree as Exhibit A, in a clearly visible location frequented by employees at all of Defendant's Nevada locations. Within thirty (30) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming the posting of the Notice of Consent Decree.

E. Distribution of Memorandum to Nevada Employees

Within ten (10) business days after the Effective Date, Defendant shall distribute the Memorandum to all Nevada employees stating Defendant's commitment to

complying with its obligations under the ADA and Title VII, which is attached to this Decree as Exhibit B. Within thirty (30) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming distribution of the Memorandum.

F. Recordkeeping

For the duration of the Decree, Defendant agrees to establish and maintain a record keeping procedure that provides for the centralized tracking of discrimination, harassment, and retaliation complaints, and maintains records as are necessary to demonstrate its compliance with this Decree and to verify the reports submitted are accurate. The records to be maintained shall include:

1. Defendant's Accommodation Log as set forth in Section X.B;

2. All complaints of discrimination, harassment, or retaliation and all relevant documents and communications related to each complaint;

3. All communications regarding the interactive process and/or requests and/or discussions about the need for reasonable accommodations;

4. All forms acknowledging every Nevada employee's receipt of the Memorandum as required under Section X.E; and

5. All documents verifying the occurrence of all training sessions, including names and positions for all attendees for each section as required under Section X.C of this Decree.

G. Reporting

1. Within ninety (90) days after the Effective Date, Defendant shall submit to the EEOC an initial report containing:

    a. A statement confirming the posting of the Notice of Consent Decree, as required by Section X.D of this Decree;

    b. A statement confirming the distribution of the Memorandum to all Nevada employees as required by Section X.E of this Decree;

    c. A copy of Defendant's revised policies as procedures as required by Section X.F; and

  d. Documents verifying the occurrence of all training sessions conducted as required under Section X.C of this Decree.

  2. Defendant shall provide the following reports annually throughout the term of this Decree:

  a. Verification that the each required training has occurred as required in Section X.C;

  b. Defendant's Accommodation Log as required in Section X.B; and

  c. A description of all discrimination, harassment, and retaliation complaints in Nevada that were made, investigated, or resolved in the past year, including the names of the complainants; the nature of the complaint; the names of the alleged perpetrators of discrimination; harassment or retaliation; the dates of the alleged harassment or retaliation; a brief summary of how each complaint was resolved; and the identity of each Defendant employee(s) who investigated or resolved each complaint and the identity and most recent contact information for each witness identified by the complainant and/or investigation; and

  d. A report regarding Defendant's compliance with Section X.A.

## XI.
## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendant shall bear all costs associated with the administration and implementation of its obligations under this Consent Decree.

## XII.
## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIII.
## MISCELLANEOUS PROVISIONS

A. Unless otherwise stated, all notices, reports, and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S.

Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.

B.  The Parties agree to entry of this Decree and judgment subject to final approval by the Court. All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Date: August 7, 2019

By: Anna Y. Park
Attorney for Plaintiff EEOC

Date: August 2, 2019

By: Paul Grossman
Attorney for Defendant Entertainment Benefits Group, LLC

Date: August 5, 2019

By: Jacqueline Erb Cornell,
General Counsel
Representative of Defendant
Entertainment Benefits Group, LLC

**ORDER**

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

Dated this 20 day of September, 2019

Gloria M. Navarro, District Judge
United States District Court